Filed 8/8/25  P. v. Lawrence CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101453 |
| Plaintiff and Respondent, | (Super. Ct. No. 99F01033) |
| v. | |
| REGINALD LAWRENCE, | |
| Defendant and Appellant. | |

Defendant Reginald Lawrence appeals from a resentencing order made pursuant to Penal Code section 1172.75.[1]  Lawrence argues the trial court was required to dismiss two prior serious felony enhancements pursuant to section 1385, subdivision (c)(2)(B) and (C).  In the course of our review of the record, it was discovered that the trial court

---

[1] Undesignated statutory references are to the Penal Code.

1

failed to recalculate Lawrence's custody credits. We will remand the matter for the trial court to recalculate Lawrence's custody credits and otherwise affirm.

FACTUAL AND PROCEDURAL BACKGROUND

We rely on the probation report in summarizing the facts, as did the trial court. On January 29, 1999, Lawrence argued with his ex-wife (the victim) and threatened to kill her. It was not the first time he had threatened her. The day after the argument, a fire broke out in the victim's apartment. A fire investigator determined that lighter fluid had been poured throughout the apartment and three independent fires had been set. The victim, who was not at home at the time of the incident, told investigating police officers that Lawrence had set the fires.

In 2001, a jury found Lawrence guilty of arson of an inhabited structure (§ 451, subd. (b)) and residential first degree burglary (§ 459). In bifurcated proceedings, the trial court also found true that Lawrence had two prior serious felonies (§ 667, subd. (a)), two prior strikes (§§ 667, subds. (b)-(i), 1170.12), and three prior prison terms (former § 667.5, subd. (b)).

The trial court sentenced Lawrence to prison for 38 years to life, as follows: 25 years to life for the arson count, 25 years to life concurrent for the burglary count, five years consecutive for each of the two prior serious felony enhancements (or 10 years total), and one year consecutive for each of the three prior prison term enhancements (or three years total).

In Lawrence's original appeal, this court found that there was insufficient evidence to support one of the prior strikes, remanded the matter for resentencing or retrial on that prior conviction, and otherwise affirmed. (*People v. Lawrence* (Oct. 29, 2002, C038251) [nonpub. opn.].) During retrial on remand, the trial court in 2003 again found the prior strike true and sentenced Lawrence to prison for 38 years to life. (*People v. Lawrence* (May 5, 2004, C044738) [nonpub. opn.].) This court directed the trial court to prepare an

2

amended abstract of judgment that correctly reflected the sentence imposed but otherwise affirmed the judgment. (*Ibid.*)

The trial court subsequently received notice from the Department of Corrections and Rehabilitation that Lawrence was eligible for resentencing under section 1172.75. In August 2023, the trial court appointed counsel and ordered briefing.

Lawrence filed a brief asking the trial court to strike the prior prison term enhancements, dismiss one or all of his prior strikes, and stay the punishment for the prior serious felony enhancements. Lawrence urged the court to consider postconviction factors, arguing he had participated in prison work, education, and rehabilitation programs. Lawrence was also 64 years old and therefore posed less of a risk of future crime or violence. Lawrence further argued he had been in custody continuously since 2001 (or 23 years), and it was no longer in the interest of justice to incarcerate him.

Lawrence also argued the enhancements should be dismissed under section 1385 because multiple enhancements had been alleged in a single case, and the enhancement was based on a prior conviction more than five years old. (§ 1385, subd. (c)(2)(B), (H) [2024 version, operative at time of resentencing].)

The prosecution filed a reply arguing the trial court should strike the prior prison term enhancements but otherwise leave the sentence unchanged. According to the prosecution, it would be against the interests of justice to strike the prior serious felony enhancements or the prior strikes. Lawrence had "terrorized" the victim and had an extensive criminal history, including being "habitually and brutally violent towards women when out of custody."

During the June 2024 resentencing hearing, Lawrence argued he was entitled to relief because he had done a "significant amount" of rehabilitation prior to the enactment of section 1172.75. In addition, one of his prior strikes was based on a 1977 conviction, which was more than 46 years ago. The prosecution argued Lawrence was a threat to public safety.

3

Turning to Lawrence's *Romero*[2] motion, the court declined to strike any of Lawrence's prior strikes finding that he did not fall outside the spirit of the "Three Strikes" law. Even though Lawrence's first strike was from 1977, he had continued engaging in criminal conduct that was "very serious, brutal, threatening, [and] harmful." Although Lawrence had recently started to address his issues, his rehabilitation efforts fell "far short of ensuring that he will not at this point pose a danger to the public." There were also "numerous" aggravating factors present: the crime involved great violence (Cal. Rules of Court, rule 4.421(a)(1)); the manner of the crime indicated planning or sophistication (*id.*, rule 4.421(a)(8)); Lawrence had engaged in violent conduct indicating a serious danger to society (*id.*, rule 4.421(b)(1)); Lawrence had numerous prior convictions increasing in seriousness (*id.*, rule 4.421(b)(2)); and he had a prior prison term (*id.*, rule 4.421(b)(3)). For the same reasons, the court declined to strike any of the prior serious felony enhancements.

The trial court then dismissed the prior prison term enhancements and sentenced Lawrence to prison for 35 years to life. The court suspended mandatory fees and waived any nonmandatory fees. Turning to custody credits, the court noted that Lawrence had been awarded 1,839 days of custody credit when he was resentenced in 2003 and stated that the "Department of Corrections will be able to calculate any credits that he is entitled to since that date." The abstract of judgment lists the same amount of custody credits as originally awarded in 2003 (1,839 days total). Lawrence timely appealed in June 2024. His opening brief was filed in February 2025, and this case became fully briefed on April 29, 2025.

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

DISCUSSION

I

Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) amended section 1385 to add subdivision (c), which states, "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." (§ 1385, subd. (c)(1); Stats. 2021, ch. 721, § 1.) In exercising its discretion, "the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).) Two of the mitigating circumstances are: "Multiple enhancements are alleged in a single case," in which case "all enhancements beyond a single enhancement shall be dismissed" (§ 1385, subd. (c)(2)(B)); and the "application of an enhancement could result in a sentence of over 20 years," in which case "the enhancement shall be dismissed" (§ 1385, subd. (c)(2)(C)). A trial court's denial of a motion to dismiss a sentence enhancement under section 1385 is reviewed for abuse of discretion. (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490.)

According to Lawrence, the trial court erred because the "shall be dismissed" language in section 1385, subdivision (c)(2)(B) and (C) is mandatory and required the trial court to dismiss the two prior serious felony enhancements because they (1) resulted in a sentence exceeding 20 years and (2) resulted in imposition of more than one enhancement. As the People argue in their brief, section 1385, subdivision (c)(2)(C) does not apply here because the trial court had already imposed a sentence greater than 20 years when it sentenced Lawrence to 25 years to life on the principal count.

5

As our Supreme Court recently explained, the plain text of section 1385, subdivision (c) "does not 'presume' [citation] an enhancement should be dismissed whenever an enumerated mitigating circumstance is present." (*People v. Walker* (2024) 16 Cal.5th 1024, 1033.) Instead, section 1385, subdivision (c) requires the trial court to consider " 'whether it is in the furtherance of justice to dismiss an enhancement.' " (*Walker*, at p. 1033.) In other words, "notwithstanding the presence" of any of the mitigating circumstances set out in section 1385, subdivision (c)(2), "trial courts retain their discretion to impose an enhancement based on circumstances 'long deemed essential to the "furtherance of justice" inquiry.' " (*Walker*, at p. 1033.) Given the conclusion in *Walker* that section 1385, subdivision (c) does not create a rebuttable presumption in favor of dismissing an enhancement, we find no merit to Lawrence's claim that the trial court erred because dismissal is required in *every case* where an enhancement results in a sentence exceeding 20 years or results in the imposition of more than one enhancement.

## II

Our review of the record reveals that the trial court erroneously failed to recalculate Lawrence's custody credits. When a trial court resentences a defendant who is currently in custody, it must calculate and credit him with all actual days he spent in custody (whether in jail or prison) up to that time, including his time in custody after the original sentencing. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37.) We will remand the matter for the trial court to recalculate credits.

## DISPOSITION

The matter is remanded for the limited purpose of recalculating the days of custody credit for which Lawrence is eligible on his resentencing. The trial court is directed to prepare an amended abstract of judgment setting forth the modified credits and to forward a certified copy to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

/s/
BOULWARE EURIE, J.

We concur:

/s/
EARL, P. J.

/s/
MESIWALA, J.

7